JON M. SANDS
Federal Public Defender
MICHAEL S. RYAN #018139
Assistant Federal Public Defender
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700   voice
michael_ryan@fd.org
*Attorneys for Defendant*

In The United States District Court
for The District of Arizona

| | |
|---|---|
| United States of America, | No. 25-cr-00339-PHX-JJT |
| Plaintiff, | Memorandum on Release |
| vs. | |
| Luis Donaldo Garcia Lopez | Detention Hearing: 3-6-25 @ 3:30 p.m. before MJ Michael T. Morrissey |
| Defendant. | |

<u>The Facts</u>

Mr. Garcia is an undocumented alien who entered the United States legally about six years ago on a B2 Visa. In addition to this strong tie to the United States, he has numerous other reasons to succeed on release pending the resolution of his case:

1. He has a place to live: 3816 N. 83rd Avenue, Apt. 2039, Phoenix, AZ.
2. His first child is due in a few days and will be born in Phoenix.
3. His maternal grandmother lives in Phoenix.
4. The above noted apartment is in Mr. Garcia's name.
5. His credit cards are in his name and address.
6. He is a member of the Jubileo Church at 3640 W. Osborn Road in Phoenix.
7. There is no history of failures to appear or avoiding supervision or the court's jurisdiction.
8. He has no criminal history.
9. He does not have substance use issues.
10. He does not have mental health issues.
11. He does not have the means to flee.

12. There is no mandatory minimum sentence. 18 U.S.C. § 924(a)(8). A violation of 18 U.S.C. § 922(g)(5) has a 15-year maximum sentence, but no mandatory minimum sentence.

13. The Guidelines are low:

U.S.S.G. § 2K2.1(a)(6)(A) assuming that Mr. Garcia was a prohibited person, the base offense level is 14.

No specific offense characteristics apply.

Two levels are deducted if Mr. Garcia pleads guilty under U.S.S.G. § 3E1.1(a) for a total adjusted level of 12.

At Criminal History Category I, the sentencing range is 10 to 16 at Zone C within easy striking distance of a probationary (or time served sentence) with a modest downward variance for mitigation for example.

## Law and Argument

Alienage alone is not a basis for denying release under the Bail Reform Act ("BRA"). *United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015). In fact, under the BRA, even a temporary detention of an undocumented person requires a finding that the person may flee or pose a danger. 18 U.S.C. § 3142(d)(2).

And during such temporary detention, the government can take the person into custody for immigration purposes. If it chooses not to take the person into temporary custody, then the "person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." *Id; Santos-Flores* at 1091; *see also*, *United States v. Vasquez-Benitez*, 919 F.3d 546 (D.C. Cir. 2019).

Keep in mind that even this temporary detention with an eye toward deportation requires a finding of flight risk or danger. Counsel submits that this temporary detention option is no longer at issue since the government has not attempted to invoke it.

The BRA assumes release. 18 U.S.C. § 3142(a). The government may request a detention hearing by filing a motion. 18 U.S.C. 3142(f). The Court's then must determine if at least one of the seven categories of cases described in 18 U.S.C.

§ 3142(f) authorizes a detention hearing. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) (per curiam); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999).[1] Five of these categories relate to the nature of the criminal charges against the defendant. *See* 18 U.S.C. § 3142(f)(1)(A)–(E). The charge against Mr. Garcia does not fall into any of these five categories. The other two categories pertain to the defendant himself. One involves witness tampering, *see* § 3142(f)(2)(B), but there has been no suggestion that Mr. Garcia has engaged in that kind of behavior.

So, a detention hearing and therefore pretrial detention is authorized here only if there is a "serious risk" that Mr. Cecena "will flee" before trial. 18 U.S.C. § 3142(f)(2)(A). The extent of the defendant's danger to the community or to any other person plays no role in this threshold inquiry. In any event, Counsel does not understand the government to be alleging danger.

A "serious risk of flight under § 3142(f)(2)(A) is a great risk—beyond average—that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1138 (D. Idaho 2023).

Mr. Garcia's has substantial ties are to this community. There is almost no risk of flight, let alone a "great risk."

Even if the government could frack into these circumstances to extract some modicum of flight risk, there would still be a condition or combination of conditions this Court could set for Mr. Garcia's release. This case does not involve the presumption that

---

[1] In *Singleton*, the D.C. Circuit observed that "detention is not an option" in the absence of "one of six circumstances triggering a detention hearing." 182 F.3d at 9. That was true in 1999, when the decision issued. As originally enacted, the Bail Reform Act Act described six categories of cases in which a detention hearing was authorized. See Bail Reform Act of 1984, Pub. L. No. 98-473, § 203(a), 98 Stat. 1837, 1979 (codifying 18 U.S.C. § 3142(f)(1)(A)–(D), (f)(2)(A), (B)). Congress added the seventh in 2006. See Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 216(2)(B), 120 Stat. 587, 617 (adding 18 U.S.C. § 3142(f)(1)(E)).

no such conditions will protect the safety of the community and reasonably assure the defendant's presence at trial under 18 U.S.C. § 3142(e)(2) or (3).

Thus, the government bears the burden of proving that no condition or combination of conditions would reasonably assure Mr. Garcia's appearance at future court hearings by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); *see also* 18 U.S.C. § 3142(f)(2). Again, Mr. Garcia's very strong ties to the United States supports his release.

Respectfully submitted:    March 5, 2025.

JON M. SANDS
Federal Public Defender

*s/Michael S. Ryan*
MICHAEL S. RYAN
Assistant Federal Public Defender

4