TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
VANESSA A KUBOTA
Arizona State Bar No. 036850
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Joe.Koehler@usdoj.gov
Vanessa.Kubota@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-0339-PHX-JJT |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S TRIAL MEMORANDUM** |
| Luis Donaldo Garcia Lopez, | |
| Defendant. | |

Six years have passed since the Supreme Court declared that the government must prove a defendant's knowledge of prohibited status under 18 U.S.C. § 922(g)(5)(A). *See Rehaif v. United States*, 588 U.S. 225, 227 (2019). Over time, the Ninth Circuit has interpreted the government's post-*Rehaif* obligations, applying them in parallel subsections of the statute. *See United States v. Gear*, 9 F.4th 1040, 1046 (9th Cir. 2021) ("This isn't the only time we've held under *Rehaif* that the government may prove a defendant's knowledge of his membership in a disfavored group by proving his awareness that the statutory language describing that group applies to him."). But this case presents a question of first impression that no court in any circuit has plumbed: what does it mean to prove knowledge of illegal or unlawful presence for visa overstays?

In other words, in a prosecution under 18 U.S.C. § 922(g)(5)(A), is it enough for the

government to prove the defendant knew he had the characteristics that made him "illegally or unlawfully" present in the United States—such as being a visa overstay? Or must the government yet prove the defendant's knowledge of a corollary question of law—that *being* in such a category *makes him* "illegally or unlawfully" present?

The government endorses the first proposition; Defendant touts the latter. Certainly, the government must show knowledge of the relevant status. But if the government needed to take that extra step of proving knowledge of a legal definition—that overstaying one's visa makes one "illegally or unlawfully" present, Defendant could ostensibly concede that he inhabits the prohibited category while negating subjective knowledge of his membership in said category. Such a result would vitiate the holding in *Gear*. It would be akin to a Kantian riddle: If a man knows he is unmarried but does not know that being unmarried makes him a bachelor, does he "know" he is a bachelor? The government says yes.

The answer to this question will inform the tenor of this trial—the jury instructions, opening statements, relevant testimony, closing arguments—and the outcome, both now and on appeal. The government has proposed non-standard jury instructions to concretize the principle spelled out in *Gear* (Doc. 45 at 59), and it requests the Court adopt a framework consistent with them. A pretrial ruling that extends *Gear*'s dual pathway approach to proving the fourth prong under § 922(g)(5)(A) will help clarify the "collateral law" language in *Rehaif,* preventing the negation of an element despite concession of that element's core characteristics—an absurd result.

I.      **Facts and Procedural Background**

On March 4, 2025, a federal grand jury indicted Defendant on one count of Alien in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8). (Doc. 7.) The government later superseded. (Doc. 27.) The superseding indictment is based on the events of February 21, 2025, when immigration officials apprehended Defendant on an immigration warrant. (Doc. 1 at 4.) At the time of his immigration arrest but before he was *Mirandized*, Defendant told agents he had a gun in his lunchbox. (*Id.* at 5.) He gave consent for the agent to secure the gun. (*Id.*)

Certified firearms expert and senior special agent (SSA) Lowell Farley with the Bureau of Alcohol, Tobacco, Firearms and Explosives identified the gun as an Austrian manufactured Glock, Model 43, 9 x 19 mm caliber semi-automatic pistol. (*Id.* at 5–6.) It was loaded with five live rounds of ammunition. (*Id.* at 5.)

Record checks revealed that Defendant once had a B1/B2 visa, but that visa displayed an expiration date of March 3, 2023. (*Id.* at 4.) Defendant's last recorded lawful entry into the United States was July 26, 2020, when a CBP officer stamped his Mexican passport with a one-year permit. That permit expired on July 24, 2021. Moreover, the State Department records show that a notice of revocation of visa was sent to Defendant's home address in Mexico days before his permit was due to expire. There are no records of Defendant applying to extend or renew his permit or visa, nor are there any records of Defendant leaving the United States and reapplying for admission or other immigration status.

## II.  Proving the Fourth Element of 18 U.S.C. § 922(g)(5)(A)

For Defendant to be found guilty of violating 18 U.S.C. § 922(g)(5)(A), the government must prove each of the following elements beyond a reasonable doubt: (1) that Defendant knowingly possessed a firearm: a Glock, Model 43, 9x19 mm semi-automatic pistol, Serial No. BHPW268, and five live rounds of ammunition; (2) the firearm and ammunition traveled in and/or affected interstate commerce before arriving in Arizona by having been transported between different states or between a foreign nation and the United States; (3) when Defendant possessed the firearm and ammunition, he was an alien illegally or unlawfully in the United States, and (4) when he possessed the firearm and ammunition, he knew he was illegally or unlawfully in the United States. 18 U.S.C. § 922(g)(5)(A); *Rehaif*, 588 U.S. at 230.

To prove the fourth element, the government must show either that Defendant knew he was illegally or unlawfully present, or that he knew he met the statutory characteristics that made him an alien illegally or unlawfully present. *See Gear*, 9 F.4th at 1046. At first blush, the language of *Rehaif* might seem to suggest otherwise. The *Rehaif* Court held that

"Rehaif's status as an alien 'illegally or unlawfully in the United States' [was] a 'collateral' question of law, and a mistake regarding that status negates an element of the offense." *Rehaif*, 588 U.S. at 235. But there, the Court was addressing the government's argument that a person's status—in this case, being illegally or unlawfully in the United States—is a legal, not a factual determination, and that ignorance of the law was not a defense. *Id*. The issue here is different. If Defendant knew his visa or permit had expired (the facts that made his presence unlawful), he had the requisite knowledge to support the fourth element. Knowledge of the facts that constitute unlawful presence cannot be negated by ignorance of the legal conclusion that overstaying his visa meant he was illegally or unlawfully present. *See Bryan v. United States*, 524 U.S. 184, 193 (1998) ("[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense.").

### III.  Conclusion

Having framed the dispositive issue, the government respectfully requests a ruling in advance of trial that clarifies the bounds of its post-*Rehaif* duty.

Respectfully submitted this 25th day of November, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/ Vanessa Kubota*
JOSEPH E. KOEHLER
VANESSA A. KUBOTA
Assistant U.S. Attorneys