JON M. SANDS
Federal Public Defender
MICHAEL S. RYAN #018139
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
michael_ryan@fd.org
LAURA LYNN SANDOVAL
CA Bar No. 337692
Assistant Federal Public Defender
LauraLynn_Sandoval@fd.org
*Attorneys for Defendant*

In The United States District Court
for The District of Arizona

| United States of America, | No. CR-25-00339-PHX-JJT |
|---|---|
| Plaintiff, | Response to the Government's Motions to Preclude Defenses[1] |
| vs. | |
| Luis Donaldo Garcia Lopez, | |
| Defendant. | |

In two filings, in one Document 48, styled a "motion in limine," and in the other Document 49, styed a "trial memorandum," the government asks this court to preclude Mr. Garcia from asserting defenses that he did not know he was illegally or unlawfully in the United States under 18 U.S.C. § 922(g)(5)(A) or that he did not know a person unlawfully in the United States was prohibited from possessing a firearm or both.

## The Primary Lesson of Rehaif: Criminal Law Punishes The Guilty Mind

---

[1] As Undersigned Counsel calculates the calendar, responses being due "3 days before" the final pretrial conference would be Saturday, November 29, 2025. Doc. 35 (Order Setting Final Pretrial Conference). But Rule 45(a)(1)(C), Fed.R.Crim.Proc., moves the deadline to the "next day that is not a Saturday, Sunday, or legal holiday."

In *Rehaif v. United States*, 588 U.S. 255, 233 (2019), the Court repeats the theme that it "normally presume[s] that Congress did not intend to impose criminal liability on persons who, due to lack of knowledge, did not have a wrongful mental state." In the hypothetical by *Rehaif* and highlighted in *United States v. Gear*, 9 F.4th 1040, 1046-47 (9th Cir. 2021), the Court emphasized that a person who was convicted of a felony but did not know it could not be held liable for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). *Rehaif*, 588 U.S. at 233.

The statutory language of 922(g)(1) and 922(g)(5)(A) are parallel. Just as the person would have to know they were convicted of "a crime punishable by imprisonment for a term exceeding one year," Mr. Garcia would have to know he was an alien "illegally and unlawfully" in the United States.

The government asserts that all it has to prove is that Mr. Garcia knew he overstayed his visa and not that Mr. Garcia understood that overstaying the visa made him "illegally and unlawfully" in the United States by citing to 8 U.S.C. § 1182(a)(9)(B)(ii). But that statute does not set forth what it means to be "unlawfully present in the United States." Rather it defines "inadmissibility."

The government also cites to 27 CFR § 478.11(b) which defines an alien who is "illegally or unlawfully" in the United States as one whose "authorized period of stay has expired," but none of the cases relied on by government

charge the defendant with being knowledgeable about the arcana of the Code of Federal Regulations. Indeed, this Code primarily guides administrative bodies in their work.

*Rehaif* also suggests that the defendant must know that membership in a certain category also renders one a prohibited possessor under 922(g). "Congress intended to require the Government to establish that the defendant knew he violated the material elements of § 922(g)." *Rehaif*, 588 at 231. The Court also stated that the person must know of "his status as a person barred from possessing a firearm." *Id.* at 228. How can a person know he has violated a technical regulatory type statute if he does not know that membership in a certain category (that he also may not know he belongs to) tells him he is prohibited from participating in otherwise lawful activities?

How can a person know he is "barred from possessing a firearm," if he does not know his "status" earns him such a prohibition?

Any good lawyer can find language in statutes and case law to support their views. To the extent that such language can be harvested from *Rehaif* or from *Gear* to support the government's views, it is contrary to the central teaching of *Rehaif*. "Scient requirements advance this basic principle of criminal law [separating good from evil] by helping to 'separate those who understand the wrongful nature of their act from those who do not.'" *Id.* at 231 (quoting *X-Citement Video*, 513 U.S. at 72-73, n. 3)

### IV. Conclusion

The Court is asked to deny the Government's motions to preclude Mr. Garcia's defenses.

Respectfully submitted:   December 1, 2025.

JON M. SANDS
Federal Public Defender

 *s/Michael S. Ryan*
MICHAEL S. RYAN

 *s/Laura Lynn Sandoval-Green*
LAURA LYNN SANDOVAL-GREEN

Assistant Federal Public Defenders
*Attorneys for Defendant*