TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
VANESSA A KUBOTA
Arizona State Bar No. 036850
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Joe.Koehler@usdoj.gov
Vanessa.Kubota@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Luis Donaldo Garcia Lopez,<br><br>    Defendant. | No. CR-25-00339-PHX-JJT<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE RELEVANT AND ADMISSIBLE EVIDENCE** |

      The United States opposes Defendant's motion to preclude testimony from witnesses Nevarez and Martinez about a conversation they had with Defendant in late 2024 or early 2025. During that exchange, Defendant divulged that his visa had been "canceled," and he was afraid to return to Mexico. This non-hearsay statement is admissible. *See* Fed. R. Evid. 401, 801(d)(2). Defendant concedes as much (Doc. 67 at 2), but he challenges certain follow-up statements revealing *how* he learned that his visa was no longer valid. These statements are also not hearsay because they are not offered for their truth (that Defendant's visa had been "canceled"). Rather, they are offered to show knowledge, notice, and absence of mistake. *See* Fed. R. Evid. 801(c)(2).

      Defendant argues otherwise, citing an out-of-circuit case with distinguishable facts. *See United States v. Silva*, 380 F.3d 1018, 1019 (7th Cir. 2004). In *Silva,* the government elicited testimony about the statement of an alleged drug supplier (who did not testify) in

which the supplier identified the person who would be delivering the drugs by the defendant's name. *Silva*, 380 F.3d at 1019. The district court instructed the jury that the supplier's statements were "not offered for the truth of the matter," which the Seventh Circuit found "surprising," as the statement "directly inculpated Silva." *Id.* The challenged statements here are different. They refer to the assertion that Defendant's visa was canceled, not his knowledge thereof. The statements here are offered for their effect on Defendant's state of mind *See* Fed. R. Evid. 801(c)(2). The government is not seeking to prove (with those statements or through those witnesses) that Defendant's visa was canceled. If Defendant thinks the jury might be confused, a simple limiting instruction will do the trick.

Defendant also challenges the integrity of the witnesses' testimony, noting Ms. Martinez's initial lack of memory and subsequent recollection of Defendant's visa comments. (Doc. 67 at 3.) That discrepancy (and the fact that the witnesses had spoken to one another about the substance of their anticipated testimony) was promptly disclosed to defense counsel, and Defendant is free to explore these topics on cross-examination. Exclusion is not the remedy. *See C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("A motion in limine should not be used to resolve factual disputes or weigh evidence.") (citation modified).

The government likewise objects to Defendant's insinuation that it has withheld or otherwise curated the conversations with its witnesses. From the outset of this case, the government has faithfully disclosed all material information learned through its investigation and witness interviews—including exculpatory and inculpatory evidence—and anything the government intends to elicit at trial. And defense counsel is certainly free to question the witnesses about their communications with government's counsel.

Defendant's unfair-prejudice argument is equally unavailing. Rule 403 "is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). That the testimony is potentially damning to Defendant's case is not reason enough to

exclude it. After all, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (citing *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir.1983)). The testimony here is highly probative of Defendant's knowledge of his illegal presence in the United States. Any confusion or potential prejudice can be assuaged through cross-examination and mitigated by a limiting instruction.

The United States thus objects to Defendant's motion to preclude the two witnesses from testifying (1) that Defendant told them his visa had been canceled and he was afraid to go back to Mexico, or (2) that Defendant learned such information from a letter conveyed to him through family in Mexico. Neither of those statements constitute hearsay.

Nevertheless, if the Court prefers, the United States envisions it could limit the testimony on this topic to include only Defendant's statement that he believed his visa had been canceled and he was afraid to return to Mexico, while avoiding eliciting testimony about the source of that knowledge (the letter). This agreement is of course conditioned on defense counsel not opening the door to such testimony by challenging the visa revocation notice (exhibits 11 and 12) on the ground that the notice was addressed to Mexico and there is no evidence that Defendant received it. If defense counsel opens that door, the government respectfully requests leave of Court to elicit the witnesses' testimony that Defendant told them he had received a letter about his visa being canceled, which he learned from speaking to family members in Mexico.

Respectfully submitted this 27th day of December, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*Vanessa Kubota*
JOSEPH E. KOEHLER
VANESSA A. KUBOTA
Assistant U.S. Attorneys