# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,    Plaintiff,  v.  Luis Donaldo Garcia Lopez,    Defendant. | No. CR-25-00339-001-PHX-JJT  **ORDER** |

Defendant Luis Donaldo Garcia Lopez filed a Motion to Dismiss Indictment on Second Amendment Grounds (Doc 41). The United States timely filed a Response thereto (Doc. 56). The Court concludes oral argument in this matter will not assist in its resolution, and decides the motion on the briefing. LRCiv 7.2(f).

Defendant asserts in his Motion that the criminal statute under which the government is prosecuting him—18 U.S.C. § 922(g)(5)(A), which prohibits undocumented non-citizens who are "illegally or unlawfully in the United States" from possessing a firearm or ammunition—violates his Second Amendment rights. The Court evaluates Defendant's challenge under the two-step framework set forth in *N.Y. State Rifle & Pistol Assoc'n v. Bruen*, 597 U.S. 1, 24 (2022). In the first step, the Court must consider "whether the Second Amendment's plain text covers an individual's proposed course of conduct." *United States v. Duarte*, 137 F.4th 743, 752 (9th Cir. 2025) (*en banc*). If the conduct in the criminal statute under which Defendant is charged is covered by the plain text of the Second Amendment, then under the second factor, the government bears the burden of

1  "showing that [Section 922(g)(5)(A)] is consistent with our nation's historical tradition of firearm regulation." *Id.*

Like the government in its Response, the Court assumes without deciding, for purposes of this analysis that non-citizens illegally present in the United States could be considered part of "the people" protected by the Second Amendment, and thus that *Bruen*'s first factor is satisfied.

As to the second factor, Defendant's argument that "the government cannot establish that section 922(g)(5) comports with historical firearm regulation" is now foreclosed. The Ninth Circuit's opinion in *United States v. Oscar Vazquez Ramirez*, 2026 WL 17253 (Case No. 24-3544, 9th Cir. Jan. 2, 2026), addresses precisely the argument defendant here makes. In *Vazquez-Ramirez*, the circuit court held that "common law, pre-ratification, and post-ratification history all show a tradition of the government permissibly restricting the firearm rights of non-citizens." 2026 WL 17253 at *3. The court therefore concluded that "the government has met its burden to show that section 922(g)(5)(A) is consistent with the nation's historical tradition of firearm regulation." *Id*. at *2. Following *Vazquez-Ramirez*, and for the same reasons, this Court must conclude that Defendant's challenge fails under the second factor of *Bruen*.

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss on Second Amendment Grounds (Doc 41).

Dated this 5th day of January, 2026.

Honorable John J. Tuchi
United States District Judge