IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Luis Donaldo Garcia Lopez,<br>　　　　Defendant. | No. CR-25-00339-001-PHX-JJT<br>**ORDER** |

　　　　Defendant filed a Motion *in Limine* to Exclude Layered Hearsay (Doc. 67), seeking to preclude testimony by two fact witnesses about statements he purportedly made to them that would indicate he was aware his United States visa had been cancelled and he therefore was no longer in the country lawfully. The government responded (Doc. 69).

　　　　In his motion, Defendant seeks relief on two bases. First, he argues the statements to which the witnesses would testify contain hearsay for which no exception applies and thus should be excluded under FRE 802. Second, Defendant asserts the circumstances under which the two witnesses' reported the statements they attribute to him are so "tainted and unreliable" that they constitute unfair prejudice to him, and thus should be excluded under FRE 403.

　　　　The Court has reviewed the ROIs pertaining to the two witnesses at issue—Mses. Nevarez and Martinez—and evaluated each statement in them the witnesses attributed to Defendant. It analyzes each statement here, starting with those related by Ms. Nevarez:

　　　　**1. "During late 2024 and/or early 2025, [Nevarez] recalled a conversation with**

> **[Defendant] in which he verbally stated that there was an unknown person who was trying to harm him and trying to force him to return to Mexico. This unknown person had advised authorities that [Defendant] was employed in the United States and, as a result, [Defendant's] visa had been revoked."**

(Doc. 67-1 at 8.) Both sentences contain Statements purportedly made by the defendant, and as such, they are not hearsay at all. Rather they are statements made by a party opponent as defined in FRE 801(d)(2) and therefore not precluded by FRE 802. This will be true of the Court's analysis of each statement purportedly made by Defendant to either witness, and it will address the first level of hearsay. But that does not end the analysis, as counsel correctly notes that some portions of some statements are nested—in other words, according to the witness, the Defendant said that someone else said "X". Where that occurs, the statement by the party opponent only addresses the first level of potential hearsay. The Court still must separately analyze the nested, second-level statement—that which the Defendant, in his own statement, attributed to someone else—to determine whether that nested statement is itself hearsay, and if so, whether an exception applies.

In the second sentence of this first statement, Defendant related the unknown person "had advised authorities that [Defendant] was employed in the United States, and as a result, [Defendant]'s visa had been revoked." Defendant's statement that the unknown person had stated to authorities that Defendant was employed in the United States is not offered for the truth of the matter asserted—in other words, to prove Defendant was in fact working in the U.S. Rather, it is offered to prove the effect on Defendant—that is to prove knowledge that his visa was in jeopardy or worse. It is therefore not hearsay as defined in FRE 801(c)(2). As for the second clause of this second sentence—Defendant's purported statement that as a result his visa had been revoked—there is no nested or second-level statement to be evaluated for hearsay. No part of this statement is subject to preclusion under FRE 802.

> **2. "[Defendant] told [Nevarez], in spite of the fact his visa had been revoked, he had planned to remain in the United States."**

(Doc. 67-1 at 8.) Again, there is no nested or second-level statement here, only Defendant's own statement about his own knowledge of circumstances, and it constitutes another statement by a party opponent, not subject to the hearsay rule. There is no nested analysis necessary to this statement.

**3. "[Defendant] told [Nevarez] that he had received a letter advising him his visa had been revoked."**

(Doc. 67-1 at 9.) Defendant's assertion about what the letter said is not offered to prove the truth of the matter asserted, but rather the effect of the statement on him—that it created within him the knowledge that he was not lawfully in the United States. The statement is thus not hearsay as defined in FRE 801(c)(2), and therefore not precluded by FRE 802.

**4. "[Defendant] had previously traveled back and forth between the United States and Mexico but is no longer able to travel to Mexico with the expectation of returning to the United States since his visa has been cancelled."**

(Doc. 67-1 at 9.) This entire statement is an admission of a party opponent as defined in FRE 801(d)(2) and therefore not hearsay. There is no nested second-level of statement from another speaker.

Regarding the statements attributed to Defendant by Ms. Martinez:

**1. "[Defendant] advised [Martinez] and Nevarez that a family member in Mexico had contacted him via mail at his address in Mexico to advise him that his visa had been revoked."**

(Doc. 67-1 at 11.) The second-level statement that a family member had advised Defendant his visa had been revoked is again not offered to prove the truth of the matter asserted, but rather to show Defendant was aware that his immigration status had changed. It is not hearsay per FRE 801(c)(2) and thus not subject to exclusion under FRE 802.

**2. "Defendant]'s Family called him in Arizona to advise him of such and he learned from his family in Mexico that his visa had been revoked."**

(Doc. 67-1 at 11.) The same analysis applies to this statement; it does not meet the definitional element of hearsay in FRE 801(c)(2) and so it is not subject to exclusion under FRE 802.

  **3. "[Defendant] told [the family member] that he was not going to return to Mexico because if he were to return to Mexico, he would not be able to re-enter the United States."**

(Doc. 67-1 at 11.) The entire statement is an FRE 801(d)(2)(A) admission by a party opponent. To the extent there is a second-level statement, it is Defendant's recounting to Ms. Martinez of his own statement to another, and therefore another admission by a party opponent. None of it is hearsay; thus, none of it is precluded under FRE 802.

  Defendant also urges that all testimony of these two witnesses pertaining to statements he made indicating knowledge that his visa was cancelled or revoked should be precluded as unfairly prejudicial under FRE 403 because of the circumstances under which the two witnesses' reported the statements they attribute to him. He notes, accurately, that neither witness originally remembered any of these statements in their interviews with law enforcement. Witness Navarez only recalled the above statements to her on her third interview with the case agent. Witness Martinez did not recall such statements even when asked, but then later indicated that witness Nevarez "reminded" her of these statements, and now she has her own independent recollection. And it argues that these circumstances taint the reliability of both witnesses' assertions to the point that the Court should exclude them as unreliable.

  The Court disagrees. The facts set forth do not demonstrate bad faith on the part of the government in procuring the witness statements. The circumstances which Defendant argues make those statements unreliable are wholly disclosed and will be on display for the jury to evaluate through the cross-examination process, where Defendant's counsel is free to exploit them and then urge the jury in closing argument to adopt counsel's viewpoint. It is not appropriate for the Court to weigh the credibility of the witnesses on this point or the reliability of their statements—that is for the jury to decide.

**IT IS ORDERED** denying Defendant's Motion *in Limine* to Exclude Layered Hearsay (Doc. 67).

Dated this 9th day of January, 2026.

_____
Honorable John J. Tuchi
United States District Judge