JON M. SANDS
Federal Public Defender
MICHAEL S. RYAN #018139
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
michael_ryan@fd.org
LAURA LYNN SANDOVAL
CA Bar No. 337692
Assistant Federal Public Defender
LauraLynn_Sandoval@fd.org
*Attorneys for Defendant*

In The United States District Court
for The District of Arizona

| United States of America, | No. CR-25-00339-PHX-JJT |
|---|---|
| Plaintiff, | **Reply to Government's Response to the Motion to Reopen the Detention Hearing.** |
| vs. | |
| Luis Donaldo Garcia Lopez, | |
| Defendant. | |

Rather than respond to the merits of Mr. Garcia's motion to reopen detention (Doc. 95), the government instead chooses to double down on the misuse of unreliable hearsay, accuse the defense of manufacturing a "self-generated constitutional conflict," and otherwise ignore Mr. Garcia's arguments. Docs. 102 and 104. Failing to address an argument constitutes a waiver. *Body Xchange v Zurich,* 648 F.Supp. 3d 1205, 1216-1217 (E.D.Cal. 2022). Thus, Mr. Garcia's arguments can be deemed admitted.

**1. The Government Luridly Misuses Hearsay It Concedes Is Unreliable.**

In an attempt to portray Mr. Garcia as some sort of cartel henchman, it falsely claimed that he was wanted under the Mexican warrant for "beheading," someone. Doc. 102. The warrant does not allege that. It alleges that the victim died from a wound to the neck, a slit throat, according to one of the Federal Public Defenders' staff interpreters who not only is court certified interpreter, but in fact used to be a staff interpreter for this Court.

The government did re-file its response to change the worded "beheaded" to "murdered," but the damage was done. Doc. 104. The bell was rung. Doc. 102. And the government offered no apology or explanation for its lurid misuse of hearsay it concedes is unreliable because it ignored that assertion.

It then quickly uses the word "saga" to describe ICE's simple traffic stop on Mr. Garcia. It stopped him to take him into custody for allegedly overstaying his visa. At both the December 9, 2025, evidentiary hearing and at trial, the ICE agents described this arrest as run-of-the-mill. "There was no concern." (Agent Ortiz, Dec. 9, 2025, transcript at 23:2).

A saga is a long, complicated story of heroic proportions.[1] Use of this word to describe this standard stop and arrest is more than exaggerating, its misleading. The government does not explain why what the State Department did goes to the issues regarding release and reopening detention. Because it's just meant to cast Mr. Garcia in a negative light.

It is compelling that the government never challenges Mr. Garcia's assertion that a Mexican arrest warrant is unreliable hearsay that this court may not use. It has improperly relied heavily on this warrant. Failing to address the reliability of this hearsay is reason enough for the Court to grant a reopening of the detention hearing and releasing Mr. Garcia.

**2. Mr. Garcia Is Not a Fugitive**

*Matter of Extradiction of Morrell*, No. 3:24-MJ-05020 (W.D.Was. Feb. 23, 2024) cited by the government is a flight case. The defendant moved to the United States after he was arrested in the United Kingdom for taking bribes while he was a police officer. Mr. Garcia has not been arrested for anything in Mexico. Nor has Mr. Garcia "refused" to return to Mexico after learning of the warrant because he is in the custody of the United States. Citation to these cases is wrong.

---

[1] https://www.dictionary.com/browse/saga

And the government again ignores defendant's argument that when under the supervision of the court, one cannot also be a "fugitive."

### 3. Rather Than Address the Merits of Mr. Garcia's Arguments, the Government Accuses the Defense of Manufacturing a Constitutional Conflict.

The government dispenses with eight hours of testimony heard at trial as not "material" to the issues of detention and not information not previously known by the defense by asserting that Mr. Garcia's arguments for release are just a ruse to foment a fake "self-generated" constitutional conflict between his right to a speedy trial and his right to effective assistance of counsel.

It was the government who sought to use Mr. Garcia's custody status as a cudgel to force him into a quick retrial. The speedy trial right is a defendant's right to protect him or her from lengthy detention pending resolution of their case. *Klopfer v. North Carolina*, 386 U.S. 213, 223-24 (1967). There can be no "conflict" between speedy and effective assistance if Mr. Garcia is released. And in any event, Mr. Garcia has and will waive time for his benefit. It is the government which manufactures artificial constitutional conflicts.

The government concedes in Footnote 2 that the information elicited at trial was material to releases issues, but that it was previously known by the defense. It does not explain, however, how "this version," of the case was previously known. The fact of the even split by the jury was also unknown at the detention hearing casting doubt on the strength of the government's case.

### 4. The Government Concedes That Mr. Garcia is Not A Danger.

The government has completely abandoned its argument that Mr. Garcia's alleged possession of a gun is a danger. And it does not argue that this Court may rely on the unreliable hearsay of a Mexican arrest warrant. Thus, Mr. Garcia is no danger.

### 5. The Government Didn't Explain How Mr. Garcia Could Flee to Mexico.

The government never addresses the argument that its assertion that Mr. Garcia could or would flee to Mexico is absurd. The only place he could go to is Mexico, which simply makes no sense.

The government also failed to address its burden that no condition or combination of conditions would assure safety and appearance.

**IV. Conclusion**

The government has completely failed to address the merits of the motion to reopen detention. Instead, it chose to double down on the misuse of unreliable hearsy and to deflect the weakness of its position with straw-man arguments.

The Court is asked to release Mr. Garcia.

Respectfully submitted:		February 8, 2026.

		JON M. SANDS
		Federal Public Defender

		 *s/Michael S. Ryan*
		MICHAEL S. RYAN

		 *s/Laura Lynn Sandoval-Green*
		LAURA LYNN SANDOVAL-GREEN

		Assistant Federal Public Defenders
		*Attorneys for Defendant*