IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Luis Donaldo Garcia Lopez,<br><br>             Defendant. | No. CR-25-00339-001-PHX-JJT<br><br>**ORDER** |

Before the Court is Defendant's Motion to Reopen the Detention Hearing in this matter (Doc. 95). The government filed a Response in opposition (Doc. 104) and Defendant filed a Reply (Doc. 107), all of which the Court has now read and analyzed. Defendant moves for reopening pursuant to 18 U.S.C. § 3142(f)(2), which provides in relevant part:

> The hearing may be reopened . . . after a determination by the judicial officer at any time before trial if the judicial officer finds information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community.

Thus, to reopen detention, there must be 1) information not known to Defendant in March 2025 2) that is material to the Court's assessment of his risk of flight.[1]

---

[1] The Court made no finding in the original detention hearing or after that Defendant presented a danger. (Doc. 15.) If the Court were to reopen detention proceedings, then, it would only consider the issue of flight risk.

While the parties argue strenuously about whether Defendant presents a flight risk if released, Defendant's argument principally invites the Court simply to re-evaluate under its own lens the information already presented to Magistrate Judge Morrissey at the original detention hearing. The Court cannot and will not do that, as this is not an appeal of Judge Morrissey's original detention decision—the time for such appeal is long past and Defendant did not seek to appeal it. In the current circumstance—that is, in deciding whether to reopen detention—the Court must first find there is information not known to Defendant at the time of the original detention hearing that has material bearing on the flight risk question. The Court does not find any such previously unknown information.

Defendant urges new information is found in the fact that the jury was nearly evenly divided in the first trial of this matter and it is material. The Court cannot agree. In reviewing the Section 3142(g) factors that determine the release question, Defendant's jury-split argument can only be read as directed at the second factor—the weight of the evidence against the Defendant. And the Ninth Circuit has long held that "the weight of the evidence is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) Judge Morrissey already discounted in his evaluation of the 3142(g) factors whatever likelihood of a conviction he may have assessed, insofar as it bore on determination of flight risk. To the extent an evenly split (or nearly so) jury would affect that assessment, the fact that a jury hung, whether its vote was 11-1 or 6-6, simply is not material in the Court's analysis. It does not move the needle. The Court is not persuaded that any conclusion about a party's chances at a retrial changes the analysis of their likelihood of flight, particularly because here, Defendant is aware that even if he is acquitted at a retrial or the government ultimately dismisses the charge against him, he will still be subject to the Mexican warrant and that government's request for his return.[2]

---

[2] The Court credits Defendant's counsel's point that it should give no weight to the truth of any assertions in the Mexican warrant—which the Court has not seen in any event. Rather, the Court considers only the fact that the Mexican government has requested Defendant's return to face criminal charges, and that Defendant is aware of the existence of those charges and the Mexican government's efforts to get him back, in determining what effect, if any, the hung jury would have on his options, to include flight if released.

|     |     |
| --- | --- |
| 1   | For the above reasons, the Court does not reach the threshold to reopen the detention |
| 2   | hearing under Section 3142(f). Even if it did, the Court would not agree with Defendant's |
| 3   | argument that release is necessary to allow adequate preparation for the retrial. The case is |
| 4   | straightforward, involving a single count of being a prohibited possessor. Only one |
| 5   | element—whether Defendant had knowledge that he was unlawfully in the United States— |
| 6   | was contested. The evidence took less than two days to present and consisted of only eight |
| 7   | witnesses. Even if the defense wishes to retool, it is able to do so in the time allotted before |
| 8   | the new trial. One of Defendant's counsel has a long record of criminal trial experience, |
| 9   | and both defense counsel enjoy a quite fine reputation with the Court for competence and |
| 10  | ability. In the first trial, Defendant's counsel fought the government to a standstill. To the |
| 11  | extent that trial preparation out of custody would constitute an allowable basis to evaluate |
| 12  | conditions for release under Section 3142(g), the Court would find under the circumstances |
| 13  | of this matter, it would fall short. |

**IT IS ORDERED** denying Defendant's Motion to Reopen Detention (Doc. 95).

Dated this 10th day of February, 2026.

Honorable John J. Tuchi
United States District Judge