TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
VANESSA A KUBOTA
Arizona State Bar No. 036850
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Joseph.Koehler@usdoj.gov
Vanessa.Kubota@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-0339-PHX-JJT |
| Plaintiff, | |
| v. | **UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENSE FROM REFERENCING "ICE RAIDS" OR ICE-RELATED SHOOTINGS** |
| Luis Donaldo Garcia Lopez, | |
| Defendant. | |

"The law is reason, free from passion." So said Aristotle (allegedly),[1] but any trial lawyer knows differently. The law through human eyes is not purely formalistic, nor could it be. We face unprecedented times, where our nation confronts core questions about human values, immigration policy, and gun rights. Against this backdrop, it is even more challenging to try the present case on its facts. For that reason, the United States respectfully moves this Court to preclude the defense from prejudicing the jury by referencing "ICE raids" or ICE shootings during opening or closing remarks.

---

[1] *See* H. Mitchell Caldwell & Allison Mather, *Do to Others What You Would (Not) Have Them Do to You": California Is an Outlier in Sanctioning Emotional Appeals in Deciding Between Life and Death*, 33 REGENT U. L. REV. 81, 110 (2021) (identifying this oft-quoted slogan as a "variant" of the original words attributed to Aristotle, which have been translated into English as "the law is passionless").

First, such references are irrelevant to this case. There is no evidence that Defendant's arrest was the product of one of these "raids." On the contrary, the surge in ICE enforcement activity (and media coverage) is relatively recent; at the time of Defendant's arrest in February 2025, the zeitgeist was not what it is now.

Moreover, as defense counsel is aware, Defendant's immigration arrest was triggered by a Mexican arrest warrant. In lieu of extradition, the State Department reached out to immigration officials, who determined that Defendant was living in the United States unlawfully and was therefore removable. The jury will not know there was a homicide warrant. Nor will they know that Defendant's visa was prudentially revoked following a DUI arrest. But, by the same token, defense counsel should not be permitted to exploit the government's restraint by implying to the jury that Defendant's arrest was the result of controversial conduct on the part of immigration officials. That is false and inflammatory.

Given the highly charged political environment, any reference to ICE raids or ICE-related violence—even by way of contrast or tone-setting—is irrelevant to the facts of this case, unsupported by the evidence, and highly prejudicial to the government. Indeed, its only purpose would be to inflame jurors' passions and encourage nullification. *See United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir.1983) ("[D]efense counsel may not argue jury nullification during closing argument.").

Accordingly, under Rule 403, the government requests that the Court preclude the defense from making such inflammatory references during opening and closing remarks. Such comments are not remotely relevant to the evidence before the jury, and any relevance would be substantially outweighed by the danger of unfair prejudice.

Defense counsel Michael Ryan objects to this motion.

Respectfully submitted this 10th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/ Vanessa Kubota*
JOSEPH E. KOEHLER
VANESSA A. KUBOTA
Assistant U.S. Attorneys