TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
VANESSA A KUBOTA
Arizona State Bar No. 036850
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Joseph.Koehler@usdoj.gov
Vanessa.Kubota@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-0339-PHX-JJT |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DISGUISED IGNORANCE-OF-THE-LAW ARGUMENTS** |
| Luis Donaldo Garcia Lopez, | |
| Defendant | |

In preparation for a retrial, the United States respectfully moves this Court to preclude the defense from confusing or misleading the jury—in its opening statement or closing argument—with comments about Defendant's implied belief that he could lawfully possess a gun.

The government made a related request in its previous motion (Doc. 48), which the Court granted (Doc. 59). Per that order, counsel may not misrepresent the government's burden of proof by arguing to the jury that the government must prove knowledge of the illegality of gun possession. *See United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020). But nothing in that order precluded defense counsel from asserting that Defendant thought he could have a gun like everybody else *because he believed he was lawfully in the United States*. Counsel is certainly entitled to present facts and inferences drawn from the evidence presented. But such disguised "ignorance-of-the-law" statements risk misleading the jury

about the law itself. *See* Fed. R. Evid. 403; *see also United States v. de Cruz*, 82 F.3d 856, 867 (9th Cir. 1996) ("[T]he district court properly excluded evidence of defendant's ignorance of the illegality of her conduct.").

That's because even if Defendant's B1/B2 visa was valid and unexpired (absent narrow exceptions that do not apply here), he would still not have been legally allowed to possess a gun. *See* 18 U.S.C. § 922(g)(5)(B). If this were a prosecution under section 922(g)(5)(B), Defendant would be precluded from arguing that he thought B1/B2 visa-holders could possess guns. *See Singh*, 979 F.3d at 726. Accordingly, and for the reasons set forth in the government's previous motion (Doc. 48), any statement as to Defendant's belief in the legality of gun possession as to him is a disguised ignorance-of-the-law defense and should be precluded.

The government thus respectfully moves to preclude the defense from making any such comments. If the Court allows such statements to come in, the government requests leave to elicit testimony demonstrating that the exceptions to § 922(g)(5)(B) did not apply, and that even if Defendant's B1/B2 visa was valid and unexpired, as a non-immigrant visa-holder he would have been legally barred from having a gun.[1]

Defense counsel Michael Ryan objects to this motion.

Respectfully submitted this 10th day of February, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Vanessa Kubota*
JOSEPH E. KOEHLER
VANESSA A. KUBOTA
Assistant U.S. Attorneys

---

[1] A limiting instruction may be appropriate to clarify that the government is not charging Defendant with being a non-immigrant visa-holder in possession of a firearm under 18 U.S.C. § 922(g)(5)(B). *See United States v. Elrawy*, 448 F.3d 309, 316 (5th Cir. 2006) ("Aliens no longer in lawful non-immigrant status (1) are not to be prosecuted if they purchased the gun after they acquired lawful immigrant status and (2) can be prosecuted under § 922(g)(5)(A) if they purchased the gun after they acquired unlawful status.").