JON M. SANDS
Federal Public Defender
MICHAEL S. RYAN #018139
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700 voice
michael_ryan@fd.org
LAURA LYNN SANDOVAL
CA Bar No. 337692
Assistant Federal Public Defender
LauraLynn_Sandoval@fd.org
*Attorneys for Defendant*

In The United States District Court
for The District of Arizona

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>   vs.<br><br>Luis Donaldo Garcia Lopez,<br><br>      Defendant. | No. CR-25-00339-PHX-JJT<br><br>Response to the Government's "Motion *In Limine*" at Doc. 110 (styled as precluding "disguised ignorance-of-law arguments")<br><br>Oral Argument Requested |

The Defense requests oral argument on this motion.

The Court has already ruled that Mr. Garcia "must know he is unlawfully present in the United States and the government must be able to prove that." Doc. 65 at 6:12-14 (transcript of the final pretrial conference). Under the government's indictment and theory of the case then, if Mr. Garcia did not know he was unlawfully in the United States, he would not have a reason to understand that he could not possess a gun. The government now seeks to preclude this defense by vaguely asserting that it is a "disguised" ignorance of the law defense. But, the ignorance of the law defense would be to assert that even if Mr. Garcia knew he was unlawfully in the United States, he did not know that made him a prohibitor possessor. That's the ignorance of the law argument.

The government also now asks this Court to amend the charges and the indictment by allowing it to assert that Mr. Garcia allegedly held a non-immigrant visa and would therefore be a prohibited possessor under 18 U.S.C. § 922(g)(5)(B). Mr. Garcia was not charged with this offense. He should not be asked to defend against it.

The government cites no authority for the proposition that it could adduce evidence of crimes not charged in order to attempt to negate a defense to the crime it did charge. That would require the defense then to be prepared to defend against an uncharged crime. This amounts to a substantial amendment to the indictment.

Furthermore, the Court has already ruled on this argument. Belated at trial, the government objected to this statement by Ms. Sandoval during opening:

"[T]he government must prove beyond a reasonable doubt that Mr. Garcia knew that he overstayed his visa at the time he possessed a firearm, but they cannot do that because Mr. Garcia's behavior clearly suggests otherwise. He told ICE that he had a gun in his car because he thought he was allowed to possess one just like you and me." Doc. 114 at 121:10-16 (transcript of Day 1).

The Court ruled, "I reread the briefing last night on that and my notes from delivering the ruling so that I was keenly aware in case that came up and I didn't catch in the opening anything that I thought went over the line." *Id*. at 207:7-1.

Respectfully submitted:              February 12, 2026.

                                              JON M. SANDS
                                              Federal Public Defender

                                                *s/Michael S. Ryan*
                                              MICHAEL S. RYAN

                                                *s/Laura Lynn Sandoval-Green*
                                              LAURA LYNN SANDOVAL-GREEN

                                              Assistant Federal Public Defenders
                                              *Attorneys for Defendant*