TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
VANESSA A KUBOTA
Arizona State Bar No. 036850
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Joe.Koehler@usdoj.gov
Vanessa.Kubota@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-0339-PHX-JJT |
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S TRIAL MEMORANDUM** |
| Luis Donaldo Garcia Lopez, | |
| Defendant. | |

The United States respectfully requests the Court reject Defendant's invitation to open a mini trial into whether Defendant actually overstayed his April 2020 admission period before his entry in July 2020. Such inquiry is irrelevant to the only disputed issue in this case: Defendant's knowledge, on February 21, 2025, that he was in the United States after expiration of his most recent and relevant authorized period of stay. *See* 8 U.S.C. § 1182(a)(9)(B)(ii); *cf. United States v. Gear*, 9 F.4th 1040, 1046 (9th Cir. 2021).

Defendant offers two theories of relevance for the April 2020-date: (1) that the government's reference to that date as the overstay date implies Defendant had, in fact overstayed his permit sometime between April 28, 2020 and July 26, 2020, and that, by readmitting him, the government was telegraphing to Defendant that it was okay to overstay his permit (an "implied consent" theory); or (2) that if the government itself was confused about his overstay date, it is reasonable to assume that Defendant would also be confused (an extrapolation theory). (Doc. 111 at 1–2.) Neither theory begets relevance.

### A. Theory # 1 Would Violate This Court's Order and Undermine *Gear*.

Defendant's implied consent theory would violate this Court's previous order (Doc. 59), which precludes Defendant from introducing, through assertions, argument, or testimony, a misstatement of the law concerning what the government must prove to meet its burden. Under *Gear*, the United States meets its burden to prove knowledge of prohibited status if it proves "knowledge of the components that constitute that prohibited category," which, in this case, means proof that Defendant knew he was "present in the United States after the expiration of the period of stay authorized by the Secretary of Homeland Security." *See* 8 U.S.C. 1182(a)(9)(B)(ii); *Gear*, 9 F.4th at 1046. (Final Pretrial Conf. 12/2/2025 Tr., at 9:4–5.)

Under Theory # 1, Defendant could ostensibly admit that he knew he overstayed his admission period but argue that he did not know the legal conclusion that an alien who remains in the United States after expiration of his authorized period of stay is "illegally or unlawfully in the United States." Such a theory improperly extends *Rehaif* beyond its scope. *See United States v. Bowens*, 938 F.3d 790, 797–98 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

Moreover, it would invite the jury to acquit even if it unanimously finds that Defendant knew he had overstayed his authorized admission period. *Cf. Carella v. California*, 491 U.S. 263, 271 (1989) ("When the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact, making those findings is functionally equivalent to finding the element required to be presumed.") (Scalia, J., concurring). Such a result would vitiate *Gear*.

### B. Theory # 2 Presumes Defendant Was Informed of Government Employees' Mistaken Interpretation of His Crossing Records.

Nor does Defendant's extrapolation theory furnish relevance. Theory # 2 presumes that the confusion of individual government employees when reviewing internal

government databases can somehow be attributed to Defendant's knowledge of his overstay date on February 21, 2025. But there is no evidence that such internal notations were ever communicated to Defendant, as this Court observed in the first trial. (Doc. 111 at 4.) Defendant had no access to government databases. Instead, he had a border crossing card and an I-94 stamp, each with visible expiration dates.

Nevertheless, the government does not object to defense counsel eliciting narrow testimony about the notation of the April 2020 overstay date to the extent it is relevant to the credibility of government witnesses. Beyond that, it is unclear from Defendant's memorandum what additional testimony or evidence is needed, or how a 2021 immigration policy would have had any bearing on Defendant's knowledge that he overstayed his visa and permit on February 21, 2025. The government thus requests the Court cabin any such testimony, just as it did during the first trial.

C. The Government Corrected Its Mistake in the Superseding Indictment.

The government concedes that it relied on the April 2020 overstay date in earlier filings, including in its probable cause affidavit, original grand jury testimony, and detention memorandum. But once the government obtained Defendant's crossing history, border crossing card, and passport, counsel discovered the discrepancy and corrected it by superseding the indictment with the July 2020 overstay date. Defense counsel has seen the grand jury transcript.

Moreover, regardless of whether Defendant actually overstayed the April 2020 expiration date, there is no evidence that any government official provided him a new expiration date other than when Officer Townsend admitted him on July 26, 2020, and gave him an I-94 permit stamp with a one-year expiration date. Mistakes behind the scenes by other government employees—who had no contact with Defendant before February 21, 2025—is simply irrelevant to whether Defendant knew he was in the United States more than three years after his last entry permit expired, and two years after his visa expired.

//

//

D.   Conclusion

For the foregoing reasons, this Court should cabin the testimony about the April 2020-date and preclude defense counsel from raising a mistake-of-law defense in the guise of an implied consent theory.

Respectfully submitted this 12th day of February, 2026.

                                    TIMOTHY COURCHAINE
                                    United States Attorney
                                    District of Arizona

                                    *s/ Vanessa Kubota*
                                    JOSEPH E. KOEHLER
                                    VANESSA A. KUBOTA
                                    Assistant U.S. Attorneys